IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>Christopher D. Barber &<br>Bobby Jean Barber,<br><br>*Debtors.* | Case No. 20-10125<br><br>Chapter 7 |
| Andrew Sawyer,<br><br>*Plaintiff*,<br><br>V.<br><br>Christopher D. Barber,<br><br>*Defendant.* | Adv. Proc. No. 20-_____ |

**COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A PARTICULAR DEBT**

**NOW INTO COURT**, through undersigned counsel, comes Andrew Sawyer ("Sawyer"), who files this Complaint Objecting to the Dischargeability of a Particular Debt pursuant to section 523(a)(6) of title 11 of the United States Code (the "Bankruptcy Code") against Christopher D. Barber ("Barber"). In support, Sawyer represents:

**Jurisdiction and Venue**

1. On Sunday, February 2, 2020 (the "Petition Date"), Barber and his wife filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code, commencing case no. 20-10125 (the "Bankruptcy Case").

2. Because this objection to dischargeability arises under section 523(a)(6) of the Bankruptcy Code and/or arises in and/or is related to the Bankruptcy Case, this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1334(b).

3. Venue is proper in this Court and District because this objection to dischargeability arises under section 523(a)(6) of the Bankruptcy Code and/or arises in and/or is related to the Bankruptcy Case.

4. This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(I) because Sawyer objects to the dischargeability of a particular debt owed by Barber.

5. Because this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(I), the Court may enter a "final judgment" with respect to the relief requested herein.

**Factual Background**

6. Sawyer was hired on May 13, 2011 by the Shaw Group, Inc. ("Shaw") and/or CB&I Walker LA, LLC f/k/a Shaw Sunland Fabricators, LLC ("Sunland") to work at Sunland as a "pipefitter helper."

7. This job was Sawyer's first of his adult life and gave him hope to save money to bring his two younger brothers out of foster case.

8. During his employment, Sawyer was verbally, emotionally, physically and sexually abused by Barber, Jonathan D. Lott ("Jonathan"), Brennon D. Lott ("Brennon") and Tommy L. Foster (individually, "Foster," and together with Barber, Jonathan and Brennon, collectively, the "Individual Defendants").[1]

[1] Jonathan, Brennon and Foster are debtors in separate, albeit related, bankruptcy cases. *See In re Lott*, 20-10126 (Bankr. M.D. La.); *In re Lott*, 20-10127 (Bankr M.D. La.); and *In re Foster*, 20-10128 (Bankr. M.D. La.). Sawyer has concurrently filed similar dischargeability objections against Jonathan, Brennon and Foster, and will ask the Court to consolidate all four adversary proceedings for trial.

9. The Individual Defendants repeatedly referred to Sawyer as, among other things, "sweet cheeks," "skittles," "faggot," "bitch," "homosexual," "my bitch," "pussy," and "cum dumpster," implying that he was "soft" or "gay."

10. Barber was the supervisor of Sawyer's department.

11. Barber introduced Sawyer to the entire shipping department as "sweet checks."

12. Barber made quid pro quo statements to Sawyer that Sawyer would no longer have to work if Sawyer would agree to sit under Barber's desk all day and perform oral sex.

13. Barber would regularly grab Sawyer's buttocks.

14. Barber made these vulgar and offensive statements and gestures in front of the entire shipping department.

15. In addition, the Individual Defendants also directed racial vulgarities at Sawyer.

16. The Individual Defendants verbal and emotional abuse was not limited to homophobic and racial slurs.

17. On multiple occasions, the Individual Defendants physically restrained Sawyer against his will, forcing him to endure sexual abuse, including, but not limited to, sodomy.

18. The Individual Defendants repeatedly committed acts of assault, battery, sexual battery, intentional infliction of emotional distress, false imprisonment and general intentional harm.

19. As a direct result of the Individual Defendants' acts of assault, battery, sexual battery, intentional infliction of emotional distress, false imprisonment and general intentional harm, Sawyer has suffered and continues to suffer, among other things:

a. Physical pain and suffering;

b. Physical pain and disability;

c. Emotional distress, post-traumatic street, mental suffering, psychological trauma and anxiety; and

d. Loss of income and future earning capacity.

20. In addition to having filed a police report with the Livingston Parish Sheriff's Office and Livingston Parish District Attorney, Sawyer filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge (the "19th JDC") on September 6, 2013 commencing civil action no. 724, 452, Division "D" (the "Civil Action").

21. Sawyer filed an amended petition for damages (the "First Amended Petition") in the Civil Action on March 21, 2015.

22. The Civil Action has been stayed by operation of section 362(a) of the Bankruptcy Code.

23. Sawyer intends to move for relief from the automatic stay to liquidate his claim against Barber and the other Individual Defendants in the 19th JDC.

## Count I

24. The allegations of paragraphs 1 through 23 of this Complaint are incorporated herein by reference as if copied herein *in extenso*.

25. Barber committed acts of assault, battery, sexual battery, intentional infliction of emotional distress, false imprisonment and general intentional harm.

26. Barber's acts of assault, battery, sexual battery, intentional infliction of emotional distress, false imprisonment and general intentional harm constitute willful and malicious injury to Sawyer.

27. Accordingly, Sawyer is entitled to a judgment declaring that Barber's debt to Sawyer is non-dischargeable under section 523(a)(6) of the Bankruptcy Code.

**Reservation of Rights**

28. Sawyer reserves the right to supplement and amend this Complaint pursuant to any factual findings by the 19th JDC and assert that such findings are *res judicata*.

**Prayer for Relief**

**WHEREFORE**, Sawyer prays for the entry of a judgment: (i) declaring Barber's debt to Sawyer is non-dischargeable under section 523(a)(6) of the Bankruptcy Code; and (ii) granting such further and additional relief as the facts may warrant and justice so requires.

Date: April 30, 2020
Baton Rouge, LA

Submitted by:

**RICHMOND LAW FIRM, LLC**

By: **s/ Ryan J. Richmond**
Ryan J. Richmond (La. Bar No. 30688)
17732 Highland Road, Suite G-228
Baton Rouge, LA 70810
Tel. (225) 572-2819
Fax (225) 286-3046

ryan@rjrichmondlaw.com

*Attorney for Andrew Sawyer*

**<u>Please issue summons to</u>**:

Christopher D. Barber
23847 LA 42 Highway
Holden, LA 70744-5091

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Adam Sawyer | **DEFENDANTS**<br>Christopher D. Barber |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Richmond Law Firm, LLC, Ryan J. Richmond, 17732 Highland Road, Suite G-228, Baton Rouge, LA 70810 (225) 572-2819, ryan@rjrichmondlaw.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>X Creditor □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>X Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to dischargeability of a particular debt under section 523(a)(6) of the Bankruptcy Code.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- X 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

<table>
<tr><th colspan="3">BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES</th></tr>
<tr><td colspan="2">NAME OF DEBTOR<br>Christopher D. Barber and Bobby J. Barber</td><td>BANKRUPTCY CASE NO.<br>20-10125</td></tr>
<tr><td>DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Louisiana</td><td>DIVISION OFFICE</td><td>NAME OF JUDGE<br>Hon. Douglas Dodd</td></tr>
<tr><th colspan="3">RELATED ADVERSARY PROCEEDING (IF ANY)</th></tr>
<tr><td>PLAINTIFF</td><td>DEFENDANT</td><td>ADVERSARY PROCEEDING NO.</td></tr>
<tr><td>DISTRICT IN WHICH ADVERSARY IS PENDING</td><td>DIVISION OFFICE</td><td>NAME OF JUDGE</td></tr>
<tr><td colspan="3">SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ryan J. Richmond</td></tr>
<tr><td>DATE<br>Thursday, April 30, 2020</td><td colspan="2">PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ryan J. Richmond (La. Bar No. 30688)</td></tr>
</table>

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.